BELL, Guardian, vs. LAWSON, Administrator.

**ADMINISTRATORS:**  *Cannot represent interest of creditors.*
   Where, under sec. 4, ch. 4, Gould's Digest, the property by order of
      the probate court was vested in the minor, and subsequently the
      administrator moved to rescind the order, alleging that the property
      was partnership property: *Held*, the administrator had no right to
      represent the interests of the creditors of the partnership.

APPEAL from *Ashley* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*J. W. Van Gilder*, for appellant.

SEARLE, J.   The appellant, as guardian of Alfred F. Bateman, a minor, child of Peter F. Bateman, deceased, petitioned the Ashley probate court to vest the whole of the estate of said Peter F. Bateman in the said minor, for his support and education, said estate not being above the value of three hundred dollars.   The probate court granted the prayer of said petitioner.   Afterwards the appellee, as administrator of the estate of Peter F. Bateman, deceased, came into the probate court and moved the same to rescind said action in said behalf.   The court, after hearing evidence in behalf of the parties, overruled said motion, and the appellee appealed to the Ashley circuit court.   The circuit court, sitting as a jury, tried the cause anew, and reversed the order of the probate court.

Appellant moved for a new trial, that being overruled, she appealed to this court.

But one question is presented by the record for our consideration in the determination of the case, the character of which is disclosed by the following facts: The appellant proved, among other things, that Peter F. Bateman died, leaving no widow, but a minor child surviving him, of which minor she was guardian, and that the entire estate of deceased, consisting of the undivided half of a certain block in the town of Hamburg, as described in the petition, was not worth over three hundred dollars.

The appellee proved that the deceased and one Coplinger, as partners, purchased said block on the 21st day of September, 1860, for their partnership business, which was that of mechanics; that they erected thereupon a workshop, and also a turning lathe, upon and by which they conducted their business from said purchase until the war; that upon the breaking out of the war the deceased entered the army, in which he died in 1863, and Coplinger left the country, insolvent, and that there were judgments in the circuit court against said firm to the amount of six or seven hundred dollars, and the said block was the only property belonging to said firm, out of which said judgments could be satisfied.

The petition to the probate court, in the first instance, was *ex parte.* The appellee was made a party defendant when he appeared in that court with his motion thereto to rescind the order vesting the property in the minor.

We are clearly of opinion that the appellee is not entitled to be a party to this suit. As such he does not pretend that he is representing the interests of the creditors of the deceased, if any such there were. Nor could he with any advantage to them; for if the property is not worth over three hundred dollars, sec. 4, ch. 4, Gould's Digest, under and by virtue of

which the probate court vested the property in the minor, would certainly cut such creditors out of all claims against the property. He is evidently undertaking to represent the interests of the creditors of the firm of Coplinger and Bateman, and this he has no right to do, being merely the administrator of Bateman, deceased.

For aught we can know from the record of this case, Coplinger is still alive, and, as surviving partner, it is his right and duty to wind up the affairs of the partnership.

For the error indicated, the judgment of the court below is reversed, and the cause remanded thereto to be disposed of according to law and not inconsistent with this opinion.